ANDERSON, Circuit Judge,
concurring:
I concur in all of Judge Tjoflat’s opinion except so much of Part III.B.l that relies upon the Hobbs Act, 28 U.S.C. § 2342(3)(A), and our decision in Mais v. Gulf Coast Collection Bureau, Inc., 768 F.3d 1110 (11th Cir.2014), to hold that the district court did not have jurisdiction to determine the validity of 49 C.F.R. § 385.17(f) (2011). I would pretermit that issue, leaving it for decision at a later time.[1] In my judgment, it is not necessary for us to decide whether the ten-day extension provision of 49 C.F.R. § 385.17(f) is valid, nor whether the district court had jurisdiction to decide that issue. In any event, as the Fourth Circuit in Pomomo said:
■ Even if Pornomo could challenge the validity of 49 C.F.R. § 385.17(f) in the district court, the court would still lack jurisdiction over his FTCA claim because the FMCSA’s promulgation of the regulation was itself a discretionary act. “[TJhere is no doubt that planning-level decisions establishing programs are protected by the discretionary function exception, as is the promulgation of regulations by which the agencies are to carry out the programs.” Gaubert, 499 U.S. at 323, 111 S.Ct. 1267. Thus, the *590 FMCSA’s decision to promulgate 49 C.F.R. § 385.17(f), even if that decision proved to be an abuse of discretion, would be shielded by the discretionary function exception. See 28 U.S.C. § 2680(a).
Pornomo v. United States, 814 F.3d 681, 690 (2016).
In other words, wholly aside from the possible Hobbs Act bar, the district court was without jurisdiction to hold that 49 C.F.R. § 385.17(f) was invalid because the promulgation of that regulation was protected by the discretionary function exception.

. The instant case is in a somewhat different posture than was the situation in Mais. The regulation at issue here, at least arguably, had already been "invalidated” by the FMCSA itself when in 2012 it rescinded the provision allowing a ten-day extension on the ground that it was inconsistent with the statute.